# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARK ROLL, | ) | 1:08cv1716 LJO DLB |
| | ) | |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | WITH LEAVE TO AMEND |
| v. | ) | |
| | ) | |
| CALIFORNIA DEPARTMENT OF | ) | |
| CORRECTIONS AND | ) | |
| REHABILITATION, et al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Mark Roll ("Plaintiff"), proceeding pro se and in forma pauperis, filed the instant action on November 4, 2008.  He filed a First Amended Complaint on December 5, 2008. Plaintiff names the California Department of Corrections and Rehabilitation ("CDCR") and the Fresno County Coroner as Defendants.

A.    Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be

1

1  cured by amendment.

2  Fed. R. Civ. P. 8(a) provides:

3      A pleading which sets forth a claim for relief, whether an original claim, counterclaim,
       cross-claim, or third-party claim, shall contain (1) a short and plain statement of the
4      grounds upon which the court's jurisdiction depends, unless the court already has
       jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short
5      and plain statement of the claim showing that the pleader is entitled to relief, and (3) a
       demand for judgment for the relief the pleader seeks. Relief in the alternative or of
6      several different types may be demanded.

7      A complaint must contain a short and plain statement as required by Fed. R. Civ. P.

8  8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair

9  notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev.

10 Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of

11 particularity overt acts which the defendants engaged in that support Plaintiff's claim.  Id.

12 Although a complaint need not outline all elements of a claim, it must be possible to infer from

13 the allegations that all elements exist and that there is entitlement to relief under some viable

14 legal theory.  Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990);

15 Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

16     In reviewing a complaint under this standard, the Court must accept as true the allegations

17 of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740

18 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick

19 v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,

20 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

21 B.    Plaintiff's Allegations

22     Plaintiff's complaint involves the death of Justin Roll while in custody of Defendant

23 CDCR.  He alleges that CDCR failed to provide proper medical care, among other things, which

24 ultimately led to Justin Roll's death.  He also alleges that the Fresno County Coroner failed to

25 provide complete and accurate reports and maintained inconsistent records.

26     Plaintiff alleges causes of action for "general negligence," gross negligence," "intentional

27 tort," "medical malpractice," "professional malpractice," "violation of civil rights," and "fraud."

28 He requests general, special and punitive damages.

1    C.    <u>Jurisdiction</u>

2            In the caption of the First Amended Complaint and without further explanation, Plaintiff

3    indicates that this Court has jurisdiction based on federal question and diversity of citizenship.

4    However, insofar as Plaintiff suggests that this Court has diversity jurisdiction, there is no

5    indication that diversity of citizenship exists between the parties.  In fact, diversity of citizenship

6    appears impossible given that Plaintiff and both Defendants reside in California.  28 U.S.C.

7    § 1331(a)(1).

8            As to federal question jurisdiction, Plaintiff can only rely on his "civil rights" claim for

9    failure to provide proper medical care.  Under federal law, this would be a violation of the Eighth

10   Amendment and would confer jurisdiction upon the Court.  However, as the claim currently

11   stands, it is insufficient to establish a basis for jurisdiction for the reasons discussed below.

12   C.    <u>Analysis</u>[1]

13   _____    1.    *Standing*

14           Courts have long recognized that rights under the Eighth and Fourteenth Amendments are

15   personal rights.  <u>See</u> <u>Whitmore v. Arkansas</u>, 495 U.S. 149 (1990) (only the person subject to the

16   penalty has standing to assert an Eighth Amendment objection under the Cruel and Unusual

17   Punishment Clause); <u>Shelley v. Kraemer</u>, 334 U.S. 1, 22 (1948) (rights created by the due

18   process clause of the Fourteenth Amendment are "by its terms, guaranteed to the individual. The

19   rights established are personal rights.").  The general rule is that "only the person whose

20   [personal] rights were violated can sue to vindicate those rights."  <u>Moreland v. Las Vegas Metro.</u>

21   <u>Police Dept.</u>, 159 F.3d 365, 370 (9th Cir.1998).

22           In section 1983 actions, however, survivors of a deceased individual whose rights were

23   violated before death may assert these personal claims on the decedent's behalf if state law

24   authorizes a survival action.  42 U.S.C. § 1988(a); <u>Moreland</u>, 159 F.3d at 369.  It is the plaintiff's

25   burden to establish that applicable state law permits a survival action.  <u>Id.</u>  Under California law,

26

27   _____

28          [1]  Because it is unclear whether this Court has jurisdiction, the Court will not discuss Plaintiff's state law
     claims, which would only survive if federal jurisdiction is established.  If and when Plaintiff state a federal claim, the
     Court will review his state law claims.

1  if an injury giving rise to liability occurs before a decedent's death, then the claim survives to the

2  decedent's estate.  Cal.Civ.Proc. § 377.30.  Where there is no personal representative for the

3  estate, the decedent's "successor in interest" may prosecute the survival action if the person

4  purporting to act as successor in interest satisfies the requirements under California Code of Civil

5  Procedure section 377.32.  Section 377.32 requires a person seeking to commence a survival

6  action to execute and file an affidavit setting forth specific information.

7       Here, Plaintiff completely fails to set forth his relation to the decedent.  There is no

8  indication that Plaintiff is suing in a representative capacity as a successor in interest or as a

9  personal representatives of the decedent's estate.  Nor is there any indication that Plaintiff

10  followed the procedure set forth in section 377.32.  In fact, the Complaint does not even mention

11  any of the applicable state statutes.  Without this information, the Court cannot determine

12  whether Plaintiff has standing to pursue the decedent's Eighth Amendment cause of action.

13       Additionally, while Plaintiff may represent himself in pro se, he cannot represent the

14  decedent's estate in pro se.  See eg. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir.

15  2008).

16       2.    *CDCR*

17       Plaintiff's Eighth Amendment claim states allegations only against CDCR.  However,

18  Plaintiff may not bring suit against CDCR in federal court because it is a state agency and is

19  entitled to Eleventh Amendment immunity.  Aholelei v. Dept. of Public Safety, 488 F.3d 1144,

20  1147 (9th Cir. 2007).

21       Plaintiff is advised that under section 1983, he is required to show that an *individual* (1)

22  acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal

23  right.  Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007).  "A person deprives another of a

24  constitutional right, where that person 'does an affirmative act, participates in another's

25  affirmative acts, or omits to perform an act which [that person] is legally required to do that

26  causes the deprivation of which complaint is made.'"  Id. at 988 (quoting Johnson v. Duffy, 588

27  F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only

28  by some kind of direct, personal participation in the deprivation, but also by setting in motion a

series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

>       3.      *Eighth Amendment Medical Care Claim*

Finally, Plaintiff's claim fails to allege the necessary elements.  To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).

"Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).  Further, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

Plaintiff's claim does not allege that any prison official acted with deliberate indifference.  No allegations have been made which support a claim that defendants "[knew] of and

1  disregard[ed] an excessive risk to [plaintiff's] health or safety." <u>Farmer</u>, 511 U.S. at 837.

2  D.       <u>Opportunity to Amend</u>

3  _____Plaintiff will be granted an opportunity to correct the above deficiencies by filing an

4  amended complaint.  Plaintiff is advised that Local Rule 15-220 requires that an amended

5  complaint be complete in itself without reference to any prior pleading.  As a  general rule, an

6  amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th

7  Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any

8  function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

9  and the involvement of each defendant must be sufficiently alleged.

10         Accordingly, based on the foregoing, it is HEREBY ORDERED that:

11     1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim

12             upon which relief may be granted;

13     2.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file

14             an amended complaint; and

15     3.      <u>If Plaintiff fails to file an amended complaint in compliance with this order, the</u>

16             <u>Court will recommend that this action be dismissed, with prejudice, for failure to</u>

17             <u>state a claim upon which relief may be granted.</u>

18

19      IT IS SO ORDERED.

20  **Dated:   December 24, 2008** _____      _____**/s/ Dennis L. Beck**_____
                                                  UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28