# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARK ROLL, | ) | 1:08cv1716 LJO DLB |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | WITH LEAVE TO AMEND |
| v. | ) | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | ) | |
| Defendants. | ) | |

Plaintiff Mark Roll ("Plaintiff"), proceeding pro se and in forma pauperis, filed the instant action on November 4, 2008. Pursuant to Court order, he filed a Second Amended Complaint on May 1, 2009. Plaintiff names the California Department of Corrections and Rehabilitation ("CDCR") and the Fresno County Coroner as Defendants.

A.    <u>Screening Standard</u>

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be

cured by amendment.

Fed. R. Civ. P. 8(a) provides:

A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.   Plaintiff's Allegations

Plaintiff's complaint involves the death of Justin Roll while in custody of Defendant CDCR.[1] He alleges that CDCR failed to provide proper medical care, among other things, which ultimately led to Mr. Roll's death. Specifically, Plaintiff alleges that CDCR failed to provide

---

[1] Plaintiff has submitted a Declaration in which he states that he is the biological father and next of kin of Justin Roll, the Decedent. Plaintiff brings this action as Decedent's successor in interest and it appears that his Declaration meets the requirements of California Code of Civil Procedure section § 377.32 and allows him to bring this survival action.

1 proper medical care, failed to administer daily insulin injections, failed to correct abnormal blood
2 counts and failed to maintain proper procedures to care for Mr. Roll. Plaintiff alleges that these
3 "actions" and "inactions" caused his son's death. Plaintiff also alleges that CDCR failed to
4 properly investigate Mr. Roll's death and produced fraudulent records relating to his medical
5 treatment. Plaintiff further alleges that the Fresno County Coroner failed to provide complete
6 and consistent reports and maintained inconsistent records.

Based on these general facts, Plaintiff alleges causes of action against CDCR for (1) violation of the Mr. Roll's federal civil rights; (2) general negligence; (3) gross negligence; (4) intentional tort; (5) medical malpractice; (6) professional malpractice; and (7) fraud. The causes of action for general negligence, intentional tort, medical malpractice, professional malpractice and fraud are also alleged against the Fresno County Coroner.

C.  Discussion

In the Court's December 24, 2008, order dismissing the complaint with leave to amend, the Court identified numerous deficiencies in Plaintiff's complaint. Of the issues identified, Plaintiff appears to have corrected both the standing and jurisdictional issues. However, he has not cured the Eleventh Amendment immunity issue. The Court previously explained that he cannot sue CDCR in federal court because it is a state agency and is entitled to Eleventh Amendment immunity. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

The Court also explained that under section 1983, he is required to show that an *individual* (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right. Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

3

1 | Plaintiff continues to allege facts against CDCR and does not identify any individual who may be a proper party under section 1983.  His amended complaint therefore fails to state a cause of action under section 1983, which is the basis for this Court's jurisdiction.  Plaintiff will be given one final opportunity to amend his complaint **to identify an individual(s)** involved in Plaintiff's treatment and against whom the necessary elements can be alleged.

If Plaintiff does not know the identities of the individuals involved at this time, he may amend using Doe defendants in his allegations.  The inclusion of Doe defendants under these circumstances is permissible, as Plaintiff may amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure once the identity of defendants is known through discovery or other means.  Merritt v. Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989); see Swartz v. Gold Dust Casino, Inc., 91 F.R.D. 543, 547 (D. Nev. 1981).  Although Plaintiff includes Doe defendants in his caption, he continues to state his allegations against CDCR.

Plaintiff is also reminded of the elements of an Eighth Amendment cause of action.  To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'"  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 834 (1994).

D.  Opportunity to Amend

Plaintiff will be granted **one final opportunity** to correct the above deficiencies by filing a third amended complaint.  Plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th

4

Cir. 1967). Once Plaintiff files a third amended complaint, the prior pleadings no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's second amended complaint (Document 17) is dismissed, with leave to amend, for failure to state a claim upon which relief may be granted;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a third amended complaint; and
3. <u>If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.</u>

IT IS SO ORDERED.

Dated: **May 26, 2009**  /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE