# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARK ROLL, | ) | 1:08cv1716 LJO DLB |
| | ) | |
| Plaintiff, | ) ) | FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF ACTION |
| v. | ) | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Mark Roll ("Plaintiff"), proceeding pro se and in forma pauperis, filed the instant action on November 4, 2008. He filed a Second Amended Complaint on May 1, 2009. On May 27, 2009, the Court dismissed his complaint and allowed Plaintiff to file an amended complaint within thirty days. Plaintiff has not filed an amended complaint or otherwise contacted the Court.

**DISCUSSION**

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d

1  829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's
2  failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.
3  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with
4  local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to
5  comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-
6  41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to
7  keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir.
8  1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421,
9  1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local
10 rules).
11         In determining whether to dismiss an action for lack of prosecution, failure to obey a
12 court order, or failure to comply with local rules, the court must consider several factors: (1) the
13 public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;
14 (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on
15 their merits; and, (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831;
16 Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali,
17 46 F.3d at 53.
18         In the instant case, the Court finds that the public's interest in expeditiously resolving this
19 litigation and the court's interest in managing the docket weigh in favor of dismissal.  This case
20 has been pending since November 4, 2008.  The third factor, risk of prejudice to defendants, also
21 weighs in favor of dismissal, since a presumption of injury arises from the occurrence of
22 unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir.
23 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly
24 outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a
25 party that his failure to obey the court's order will result in dismissal satisfies the "consideration
26 of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33;
27 Henderson, 779 F.2d at 1424.  The Court's Order Dismissing the Complaint with Leave to
28 Amend expressly stated that this was Plaintiff's final opportunity, and that failure to respond

would result in a recommendation that the action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.  Thus, Plaintiff had adequate warning that dismissal would result from non-compliance with the Court's order(s).

### **RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the action be dismissed for Plaintiff's failure to follow the Court's order.

These Findings and Recommendations are submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)©.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 14, 2009**            /s/ **Dennis L. Beck**
                                           UNITED STATES MAGISTRATE JUDGE