# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ROLL,<br><br>            Plaintiff,<br><br>     v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>            Defendants. | 1:08cv1716 LJO DLB<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND **OR** GIVING PLAINTIFF OPPORTUNITY TO VOLUNTARILY DISMISS ACTION WITHOUT PREJUDICE |

Plaintiff Mark Roll ("Plaintiff"), proceeding pro se and in forma pauperis, filed the instant action on November 4, 2008. Pursuant to Court order, he filed a Third Amended Complaint on July 20, 2009.[1] Plaintiff names the California Department of Corrections and Rehabilitation ("CDCR"), Lt. Fischer of CDCR, Paul Sanchez of CDCR, Deputy Coroner Joseph Matthew Tiger, the Fresno County Coroner and Does 1-100 as Defendants.

In the Court's last order dismissing the Second Amended Complaint with leave to amend, the Court granted Plaintiff a final opportunity to correct his complaint by naming individuals and alleging a proper Eighth Amendment claim. Although the Third Amended Complaint presents new deficiencies, the Court will not dismiss it on this basis because the issues in the prior order have been corrected.

---

[1] Th Court notes that Plaintiff's Third Amended Complaint is missing page 11.

A.       Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

Fed. R. Civ. P. 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.        Plaintiff's Allegations

Plaintiff's complaint involves the death of Justin Roll while in custody of Defendant CDCR.[2] He alleges that Defendants failed to provide proper medical care, among other things, which ultimately led to Mr. Roll's death. Specifically, Plaintiff alleges that CDCR failed to provide proper medical care, failed to dispense medications, failed to provide necessary treatment and failed to carry out and follow procedures regarding Mr. Roll's safety. Plaintiff alleges that these "actions" and "inactions" caused his son's death. Plaintiff also alleges that Defendants failed to properly investigate Mr. Roll's death and produced fraudulent records relating to his medical treatment. Plaintiff further alleges that the Fresno County Coroner failed to provide complete and consistent reports and maintained inconsistent records.

For the first time, Plaintiff has submitted exhibits and medical records in support of his action. According to the records, Justin Roll died on June 27, 2005.

Based on these general facts, Plaintiff alleges causes of action against Defendants for (1) violation of the Mr. Roll's federal civil rights; (2) general negligence; (3) gross negligence; (4) intentional tort; (5) medical malpractice; (6) professional malpractice; and (7) fraud. Plaintiff requests monetary damages.

C.        Discussion

       1.    *CDCR as Defendant*

The Court previously explained that Plaintiff cannot sue CDCR in federal court because it is a state agency and is entitled to Eleventh Amendment immunity. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). To the extent Plaintiff intentionally named CDCR in the Third Amended Complaint, CDCR is not a proper Defendant. If Plaintiff chooses to amend, CDCR should not be included as a Defendant.

---

[2] Plaintiff has submitted a Declaration in which he states that he is the biological father and next of kin of Justin Roll, the Decedent. Plaintiff brings this action as Decedent's successor in interest and it appears that his Declaration meets the requirements of California Code of Civil Procedure section § 377.32 and allows him to bring this survival action.

  2. *Section 1983 Claim*

  For the first time, the exhibits show the date of death as June 27, 2005.  Plaintiff filed his complaint on November 4, 2008, raising a statute of limitation issue.

  Congress has provided no specific statute of limitations for section 1983 actions.  Instead, state statutes of limitations apply in section 1983 cases unless the state laws are inconsistent with federal law.  42 U.S.C. § 1988.  The Supreme Court has held that for purposes of selecting a statute of limitations, section 1983 actions are best characterized as personal injury actions.  Wilson v. Garcia, 471 U.S. 261 (1985).  The applicable statute of limitations in California is two years.  Cal. Code Civ. Proc. § 335.1.

  Federal law determines when a cause of action accrues; a federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.  Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991).  If a question of tolling arises, state law governs.  Hardin v. Straub, 490 U.S. 526, 539 (1989); Board of Regents v. Tomanio, 446 U.S. 478, 485-86 (1980).

  On the face of the complaint, it appears that Plaintiff's action is barred by the statute of limitations.  As part of his causes of action, Plaintiff alleges that the Coroner's office "consistently avoided giving [him] information as to the progress of the autopsy investigation and its findings, as well as intentionally misled [sic] [him], denied [him] information."  Third Amended Complaint, at 17.  It is unclear whether this would provide sufficient tolling, if any.

  If Plaintiff chooses to amend his complaint, he should provide sufficient facts to suggest that his action is timely.

  3. *California Tort Claims Act*

  California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2.  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245 (2004); Mangold v. California Pub. Utils.

Comm'n, 67 F.3d 1470, 1477 (9th Cir.1995).

Therefore, to state a tort claim against a public employee, a plaintiff must comply with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir.1988).

Plaintiff has not alleged that he has complied with California's Tort Claims Act and given the date of death, it is unclear if he can do so.

4.   *Gross Negligence and Professional Negligence Claims*

Plaintiff alleges claims for medical malpractice and gross medical negligence. There is no separate, recognized cause of action for "gross negligence." Allen v. Woodford, 2006 WL 3762053, *15 (E.D. Cal. 2006) (citing Continental Ins. Co. v. American Prot. Indust., 197 Cal.App.3d 322, 329 (1987)). Accordingly, this action is treated as one for medical malpractice, or medical negligence.

Moreover, a claim for medical malpractice *is* a claim for professional negligence. These are not two separate causes of action.

### ORDER

Although it is unclear if the above deficiencies can be cured, Plaintiff will be granted an opportunity to amend the deficiencies in his Third Amended Complaint. Plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files a Fourth Amended Complaint, the prior pleadings no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Alternatively, Plaintiff may voluntarily dismiss this action. In his July 20, 2009, letter, he asked that if the Third Amended Complaint was not sufficient, his action be dismissed without prejudice. The Court will not outright dismiss the Third Amended Complaint because the deficiencies are different than those previously identified.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Third Amended Complaint (Document 21) is dismissed, with leave to amend, for failure to state a claim upon which relief may be granted;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall **EITHER** file a Fourth Amended Complaint **OR** notify the Court that he wishes to voluntarily dismiss this action without prejudice.
3. <u>If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.</u>

IT IS SO ORDERED.

Dated:   **August 2, 2009**          /s/ **Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE

6