# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ROLL,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>        Defendants. | 1:08cv1716 LJO DLB<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED TO STATE COURT |

Plaintiff Mark Roll ("Plaintiff"), proceeding pro se and in forma pauperis, filed the instant action on November 4, 2008. Pursuant to Court order, he filed a Fourth Amended Complaint on September 18, 2009.

## **BACKGROUND**

Plaintiff is proceeding as the successor in interest for his son Justin Roll, who died while in custody of Defendant CDCR. In the caption, Plaintiff names Lt. Fisher of CDCR, Paul Sanchez of CDCR, "Sargent Reception at San Quentin State Prison," Joseph Matthew Tiger, Deputy Coroner, Laura Cervantes, Fresno County Coroner, Dr. Venu Gopal, Sandra Burton, Leslie Fearnside, Cynthia Cimarano, David Watson, Jennifer Addams and Donna Jones as Defendants. In the body of the complaint, Plaintiff also refers to Defendant Miller and Defendant Olivia Doe.

1

1    Plaintiff alleges that Defendants failed to provide proper medical care, which ultimately
2 led to Mr. Roll's death.  Specifically, Plaintiff alleges that Defendants failed to dispense
3 medications, failed to provide necessary treatment and failed to carry out and follow procedures
4 regarding Mr. Roll's safety.  Plaintiff alleges that these "actions" and "inactions" caused his
5 son's death.  Plaintiff also alleges that Defendants failed to properly investigate Mr. Roll's death,
6 produced fraudulent records relating to his medical treatment and refused to release records.
7 Plaintiff further alleges that the Fresno County Coroner failed to provide complete and consistent
8 reports and maintained inconsistent records.

9    Based on these facts, Plaintiff alleges causes of action for (1) deliberate indifference to a
10 serious medical need in violation of his Eighth Amendment right; (2) negligence; (3) gross
11 negligence; (4) intentional tort; and (5) fraud.

12                                       **DISCUSSION**

13    In the Court's August 3, 2009, Order Dismissing the Third Amended Complaint with
14 Leave to Amend, the Court noted that on the face of his complaint, it appeared that his action
15 was barred by the statute of limitations.  Plaintiff's son died on June 27, 2005, and this action
16 was not filed until November 4, 2008, well past the two year statute of limitations.  <u>Wilson v.</u>
17 <u>Garcia</u>, 471 U.S. 261 (1985); Cal. Code Civ. Proc. § 335.1.

18    In his Fourth Amended Complaint, filed on September 18, 2009, Plaintiff disputes the
19 Court's statement that this action was filed on November 4, 2008.  He explains, for the first time,
20 that this action was originally filed in state court on June 27, 2007.  CDCR and the Fresno
21 County Coroner both appeared as defendants in the state action.  After a change of venue to
22 Sonoma County Superior Court, Plaintiff indicates that he "removed" the action to this Court.
23 Based on this, he believes that his action is timely.

24    Regardless of whether this action is timely, there appears to be an issue as to whether this
25 action should proceed in this Court.  The Court takes judicial notice of the docket in Plaintiff's
26 state court action, which indicates that a demurrer was sustained with leave to amend prior to
27 granting defendants' request to transfer the action to Sonoma County Superior Court.  Fed. R.
28 Evid. 201.  A docket notation from September 12, 2008, states "Case removed to Federal Court."

1  An amended pleading was not filed prior to this notation and there is no evidence that the action
2  has been closed.
3        When the action was filed in this Court, however, it was not removed by defendants in
4  the state action.  By definition, an action can only be removed by a defendant.  28 U.S.C.
5  § 1446(a).  Here, *Plaintiff* filed the complaint, along with a civil cover sheet indicating that the
6  action was removed from state court.  No defendant has been served or made an appearance in
7  this action.
8        Therefore, this action has not been removed and is viewed as an original action.  The
9  procedural history suggests that Plaintiff, for whatever reason, chose to discontinue litigating in
10 state court and file anew here.  Such actions amount to forum shopping and are not tolerated.
11 Plaintiff chose to file his action in state court and he continued with his litigation for over one
12 year.
13       Based on this Court's respect for state court proceedings and the possibility that
14 Plaintiff's claims are precluded by the principle of res judicata, Plaintiff is ORDERED TO
15 SHOW CAUSE why this action should not be remanded back to state court.  Plaintiff must file a
16 written response to this order within thirty (30) days of the date of service of this order.  <u>Failure</u>
17 <u>to do so will result in dismissal of this action, with prejudice.</u>
18
19    IT IS SO ORDERED.
20    Dated:   **September 25, 2009**            **/s/ Dennis L. Beck**
                                                        UNITED STATES MAGISTRATE JUDGE
21
22
23
24
25
26
27
28